Salvation Mission Army Workers Holy Orthodox Christian Church, Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Commission on Charitable Organizations, Respondent.

Submitted on briefs, February 2, 1978 to Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*Michael T. McCarthy*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 31, 1978:

The Salvation Mission Army Workers Holy Orthodox Christian Church (Church) has filed a Petition for Review of an order of the Commission on Charitable Organizations of the Department of State (Commission), entered after hearing, rejecting the Church's application for exemption from the registration provisions of the Solicitation of Charitable Funds Act, Act of August 9, 1963, P.L. 628, *as amended,* 10 P.S. §160-1 et seq· No one appeared in behalf of the Church at the time fixed for argument. The Commission which did appear has agreed that we should dispose of the matter on the briefs of the parties and without oral argument.

The Church, being engaged in soliciting contributions, was importuned by officials of the Department of State to register as a charitable organization intending to solicit as required by the Solicitation of Charitable Funds Act. Instead of registering, the Church applied for the exemption from registration provided by Section 4(a)(3) of this Act, 10 P.S. §160-4(a)(3) for organizations receiving annual contributions of no more than $7500 and "all of [whose] functions, including fund-raising activities, are carried on by persons who are unpaid for their services."

After a hearing at which the Church was represented by counsel and at which the proofs tended to

show that the Church received annual contributions of less than $7500, the Commission made the following finding of fact which formed the basis of its conclusion that the Church was not entitled to exemption:

5. Your solicitors are remunerated for their services either by the means of percentage of funds collected or by the use of buying the cannister and license from you with their retaining any and all receipts collected.

The case against the Church consisted in the main of the testimony of a Commission investigator concerning conversations he had with persons involved in the Church's soliciting activities, particularly with a woman since deceased. This testimony was vigorously objected to by the Church's counsel. A review of the record shows that the Commission's finding that the Church's solicitors were remunerated by means of percentage of funds collected or that of buying the cannister and license and retaining all amounts collected was based solely on this hearsay evidence to which timely objection had been made.

The Commission in its short discussion of the case also says that in some cases solicitors were remunerated by "outright grant." This statement seems to have its basis in the following testimony of Bishop Candelori, the Church's head:

Q. I think, Bishop, you stated that people who do come and solicit for you, if they need a dress, you give them money to get a dress.

A. Or food. Not all of them, now.

Q. But you do give them compensation when they solicit for you?

A. Some of them.

Q. Some of them?

A. Yes.

Q. You are paying people to solicit for you?

A. No, no. They volunteer, and if they need assistance, I assist them. But I pay no one.

Q. You give them money when they get money for you?

A. I ask them if it's needed, and it's my discretion just how much I want them to have.

This testimony, while somewhat ambiguous, is consistent with the Church's theory expressed in its brief that although some solicitors received money, these transfers were not remuneration for services in soliciting but were rather beneficences in relief of the recipients' poverty. The Commission's decision does not address itself to this issue, probably because, as the finding of fact which we have quoted demonstrates, the decision was principally based on the testimony of its investigators concerning conversations with solicitors. Without this hearsay evidence, which clearly should have been excluded,[1] the case on this record comes down to the question of whether the moneys which the Bishop admittedly gave some of the solicitors were gifts or payment for services. The Commission says on this point only that in some cases solicitors were remunerated by grants, a contradiction in terms. It is for the Commission, not us, to determine which these transfers were—pay or gifts.

We have concluded, therefore, that we should set aside the Commission's order denying the exemption and that we should remand the matter to the Commission for reconsideration of this record or, at its option, for a further hearing. In doing so we make

---

[1] *Bleilevens v. Pennsylvania State Civil Service Commission*, 11 Pa. Commonwealth Ct. 1, 312 A.2d 109 (1973).

it plain that we are not directing that the exemption applied for should issue.

## ORDER

AND Now, this 31st day of March, 1978, the order of the Commission on Charitable Organizations dated December 9, 1976 is set aside and the record remanded for further action consistent with this Opinion.